IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KEVIN JUWAN REED**, <br><br> Plaintiff, <br><br> v. <br><br> **STUART YOUNG** and **DARYL BORELLO**, <br><br> Defendants. | Case No. 2:19-cv-1858-SI <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

Plaintiff, representing himself, filed this lawsuit against ODOC Assistant Administrator of Religious Services Stuart Young and ODOC Religious Services Administrator Daryl Borello, asserting claims under 42 U.S.C. § 1983 and state law. Plaintiff, an inmate at the Eastern Oregon Correctional Institution, desired to purchase a Rastafarian head tam that is red, black, green, and gold, but ODOC offered only a white one. Plaintiff asserts that those colors have specific meaning.

Plaintiff filed a motion for partial summary judgment. Defendants filed a cross-motion for summary judgment. Defendants argue that Plaintiff's claims under § 1983 are procedurally defaulted under the Prison Litigation Reform Act ("PLRA") because Plaintiff did not complete

PAGE 1 – ORDER

the prison grievance process. Defendants also argue that Plaintiff's state law negligence claims and request for money damages are barred by sovereign immunity. Defendants argue that Plaintiff requests damages in an amount below the statutory threshold that under Oregon Revised Statutes § 30.265(3) requires that ODOC be substituted as the defendant, and ODOC has immunity under the Eleventh Amendment. *See, e.g.*, *Alvarez v. Hill*, 667 F.3d 1061, 1065 (9th Cir. 2012) (holding that a claim for money damages against ODOC employees in their official capacity is barred by the Eleventh Amendment); *Harbert v. Deacon*, 2019 WL 309748, at *5 (D. Or. Jan. 22, 2019) ("Plaintiff's proposed claim against ODOC is barred by principles of Eleventh Amendment sovereign immunity.").

In response, Plaintiff admitted that his § 1983 claims are procedurally defaulted. ECF 31. Plaintiff noted that he would like to "restart" his claim and go through the proper grievance process. *Id.* Plaintiff did not expressly respond to Defendants' argument relating to Plaintiff's state law claims.

Under the PLRA, incarcerated plaintiffs are required to exhaust all administrative remedies available to them within the institutions in which they are housed before bringing any federal action challenging prison conditions under federal law. 42 U.S.C. § 1997e(a). For purposes of the PLRA, "proper exhaustion of administrative remedies, . . . 'means using all steps that the agency holds out, and doing *so properly* (so that the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 88 (2006) (emphasis original), quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). Failure to exhaust under the PLRA is an affirmative defense that must be raised by the defendant, who bears the burden of proving the absence of exhaustion. *Jones v. Bock*, 549 U.S. 199, 211-12 (2007). If a court finds that the inmate did not comply with the exhaustion requirements of the PLRA, the "proper remedy is

PAGE 2 – ORDER

dismissal of the claim without prejudice." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In light of Plaintiff's admission that he did not complete the grievance process, Defendants' motion for summary judgment against Plaintiff's federal claims is granted.

Based on Plaintiff's response conceding Defendants' argument regarding procedural default and expressing Plaintiff's desire to "restart" his claim, it is apparent that Plaintiff does not wish to continue litigating his state law negligence claims in the absence of his federal constitutional claims. Although Plaintiff did not expressly address Defendants' argument relating to Plaintiff's negligence claims, Plaintiff's response shows that he concedes Defendants' motion against Plaintiff's state law claims. Further, the Court has considered Defendants' unopposed motion for summary judgment against Plaintiff's state law claims and finds it meritorious. Accordingly, Defendants' motion is granted against Plaintiff's state law claims.

Plaintiff's motion for partial summary judgment (ECF 16) is DENIED. Defendants' motion for summary judgment (ECF 27) is GRANTED. This case is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED this 15th day of September, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge